## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **EMILY DUESING**, individually and on behalf of all those similarly situated, | Court File No. _____ |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | |
| **LIFETIME FITNESS, INC.** d/b/a **LIFE TIME FITNESS,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, Emily Duesing ("Duesing" or "Plaintiff"), on behalf of herself and other similarly situated individuals, by and through her undersigned counsel, files this class and collective action complaint under Rule 23 of the Federal Rules of Civil Procedure and according to 29 U.S.C. § 216(b). Plaintiff alleges and complains the following against the above-named Defendant:

## **NATURE OF THE ACTION**

1.     This is an action brought by Emily Duesing, individually and as a putative representative for this hybrid class and collective action, against her employer Life Time Fitness, Inc. (d/b/a Life Time Fitness) ("Defendant"), to obtain declaratory, injunctive, and monetary relief.

2.     Defendant Life Time Fitness is in the fitness and recreational sport facility business and relies on customers, clients, and members to subscribe to their services, attend their programs, and use their facilities.

3. Plaintiff and members of the class and collective actions are current and former employees of Life Time Fitness harmed by Defendant's unlawful actions and policies described below.

4. Plaintiff alleges that Defendant improperly deprived her, and members of the putative class and collective actions, of wages under the Minnesota Fair Labor Standard Act ("MFLSA"), Minn. Stat. §177.21, *et seq*., and the Fair Labor Standard Act ("FLSA"), 29 U.S.C. § 201, *et seq*. respectively.

5. This action challenges Life Time Fitness's refusal to pay its employees, in violation of Minnesota and federal law, for attending in mandatory lifeguard certification classes.

## PARTIES

6. Plaintiff Emily Duesing resides in Minneapolis, Minnesota.

7. Defendant Life Time Fitness, Inc. d/b/a Life Time Fitness is a Minnesota corporation with its principal place of business in Chanhassen, Minnesota.

8. Defendant provides membership programs for sport and recreation facilities, operating 29 locations in Minnesota and more than 150 locations throughout the United States.

## JURISDICTION & VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States. To the extent that Plaintiff brings claims under Minnesota law, jurisdiction is proper in this court under 28 U.S.C. § 1367(a) because the Minnesota law claims are so related to the

claims that confer original jurisdiction that they form a part of the same case or controversy.

10.     This Court has personal jurisdiction over Defendant because it regularly transacts business in this District.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants do business in this District and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

## FACTS

### I.     Lifeguard Training

12.     For certain job positions, such as lifeguards and swim instructors, Defendant requires its employees to complete mandatory training programs and certifications.

13.     Defendant requires its employees to obtain lifeguard certification as a prerequisite to working as an on-duty lifeguard.

14.     Defendant does not operate a lifeguard certification program, but it regularly provides its pool facilities for lifeguard certification training programs.

15.     Defendant accepts the American Red Cross's lifeguard certification training program as valid certification for its employees.

16.     If a Defendant hires an employee for a lifeguard position but that person is not already lifeguard certified, Defendant pays the certification fee. Defendant does not pay those employees for hours spent completing the training.

17.     As a matter of company policy, Defendant does not pay employees for time spent in lifeguard certification training.

18.     When Defendant hires lifeguard employees, Defendant requires them to sign an "Aquatics Confidentiality & Non-Compete/Non-Solicitation Agreement" (the Agreement). It includes terms forbidding solicitation of Defendant's members, customers, or clients. It also includes noncompete terms which state the following:

> Team Member agrees that during the term of Team Member's employment with Life Time and for a period of twelve (12) months after Team Member's termination from Life Time, Team Member will not, directly or indirectly, on behalf of Team Member or any other person or entity:
>
> a.     be employed in a position with duties substantially similar to those Team Member performed as an Aquatics Professional at Life Time, or serve as an independent contractor or consultant performing duties substantially similar to those Team Member performed as an Aquatics Professional at Life Time, by or to any Competing Business within the Covered Geographic Area; or
>
> b.     advertise, market, sell, take orders for, or provide aquatics-related services to/for any Competing Business within the Covered Geographic Area.

The Agreement defines "Covered Geographic Area" as anywhere within a 10-mile radius of any Life Time Fitness location the employee worked at in the prior 12 months.

## II.     Plaintiff's Work as a Lifeguard for Defendant

19.     Plaintiff was hired by Defendant at its Eden Prairie, Minnesota location on or around May 31, 2023.

20.     Plaintiff started in a swim instructor position at a wage of $16.75 per hour.

21.     Prior to her hiring, Plaintiff was not certified as a lifeguard.

22.    Defendant required, as a condition of employment, that she attend a lifeguard certification training provided by the American Red Cross. Defendant scheduled Plaintiff's training with the American Red Cross and paid the lifeguard certification training program fee.

23.    Plaintiff worked as a swim instructor for Defendant before and during her participation in the lifeguard training.

24.    After starting employment, Plaintiff participated in a lifeguard certification training program as directed by Defendant. Plaintiff spent 5 hours in training on June 22, 2023; spent another 11 hours on June 23, 2023; and spent another 10 hours and completed her training on June 24, 2023.

25.    Plaintiff logged approximately 31 hours of working time into Defendant's Time Tracking app on or around June 24, 2023. These hours included the 26 hours of lifeguard training.

26.    Plaintiff received an e-mail from Defendant on June 26, 2023, in which her supervisor stated, "Can you revise this and take off Friday and Saturday [June 23 and 24]? As we do not pay for your time for Lifeguard Cert[.]"

27.    In response to the e-mail, Plaintiff texted her supervisor, resulting in the following exchange:

Plaintiff:    Is the lifeguard class mandatory for my position?

Supervisor:    Everyone is supposed to be lifeguard certified.

Plaintiff:    I was told we don't get compensated for the time but that is against the fair labor standard for

> mandatory training…. So I am double checking
> [whether] that is correct.…

Supervisor:    It's a mandatory requirement for your job
therefore we pay for the certification, which you
should have had before the job. We pay for all
LifeTime training.

28.    Plaintiff later capitulated to her supervisor's request and removed 21 hours

from her recorded time for that period.

29.    During the period from Sunday June 18 through Saturday June 24, Plaintiff

worked 31.48 hours but at the direction of her supervisor, she only recorded and was paid

for 10.48 hours. Applying her regular rate of $16.75 per hour, Plaintiff was paid a total of

$175.54 for her work during that workweek. With the additional 21 hours properly counted

toward work time, Plaintiff was effectively paid at a rate of $5.58 per hour, which is less

than the federal minimum wage of $7.25 per hour.

30.    Plaintiff is still employed by Defendant.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

31.    Plaintiff brings this matter as Rule 23 Class Action and an FLSA Collective

Action on behalf of herself other similarly situated individuals pursuant to Fed. R. Civ. P.

23 and 29 U.S.C. § 216(b).

32.    The Rule 23 Class is defined as:

> All persons employed by Life Time Fitness in the state of
> Minnesota, during the period three years preceding the filing
> of the Complaint until any court order granting class
> certification in this action, who Defendant required to attend
> lifeguard certification training and who were not paid for the
> time attending training.

33. The FLSA Collective is defined as:

All persons employed by Life Time Fitness in the United States, during the period three years preceding the filing of the Complaint until any court order granting preliminary collective action certification in that action, who Defendant required to attend lifeguard certification training and who were not paid for the time attending training.

34. The Rule 23 Class shall not include any of Defendant's officers or directors, the Judge assigned to this case, or any of that Judge's immediate family members. Plaintiff reserves the right to modify the proposed Class definitions.

35. The members of the Rule 23 Class are so numerous that joinder of all Rule 23 class members is impracticable. The actual number of Rule 23 Class Members is not precisely known but is anticipated to exceed 100 individuals. Defendant has information that makes it feasible to count the number of Rule 23 Class Members.

36. The Minnesota wage claims in this case present questions of law and fact that are common to both Plaintiff and the Rule 23 Class, and these questions predominate over any questions that may affect individual Rule 23 Class Members. These questions include but are not limited to (a) whether Defendant required certain employees to attend lifeguard certification training; (b) whether Defendant as a matter of policy refused to pay such employees for attending and completing such training; (c) whether the training was primarily for Defendant's benefit.

37. Plaintiff's claims are typical of those of Rule 23 Class Members. Plaintiff and Rule 23 Class Members suffered the same harm when Defendant did not pay them for attending and completing lifeguard training. Because under common policies or

procedures, Defendant failed to pay them for attending and completing lifeguard training, Plaintiff and Rule 23 Class Members were harmed by a common course of misconduct.

38.    Plaintiff will fairly and adequately protect the interests of Rule 23 Class Members. Plaintiff does not anticipate circumstances where Plaintiff's interests are adverse to those of Rule 23 Class Members. Plaintiff has retained counsel, experienced in complex class actions involving unpaid wages, with the resources to vigorously pursue relief for the Rule 23 Class.

39.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The likely value of Rule 23 Class Members' claims is too low for those claims to be effectively litigated on an individual basis. And if some Rule 23 Class Members proceed individually, their claims could result in inconsistent judgments that prejudice the rights of other Class members.

40.    Plaintiff and other FLSA Collective Action Members are similarly situated in that they have substantially similar job requirements, pay provisions, and compensation procedures causing them to receive less than minimum wage under the FLSA. Defendant accordingly permitted Plaintiff and other FLSA Collective Action Members to work for less than the federal minimum wage.

41.    The FLSA violations asserted in this Complaint may be brought and maintained as an opt-in collective action under 29 U.S.C. § 216(b) because Plaintiff's claims are similar to FLSA claims by FLSA Collective action members.

42.    The precise number of FLSA Collective Action Members is not precisely known but is anticipated to exceed 100 individuals. Defendant has information that makes

it feasible to count the number of FLSA Collective Action Members, and it likely possesses

sufficient information to facilitate notice of this action to FLSA Collective Action

Members by U.S. Mail, e-mail, text messages, or other modes of communication.

## CLAIMS FOR RELIEF

### COUNT I:
### Violation of the Fair Labor Standards Act
### Failure to Pay Minimum Wage
(by Plaintiff individually and on behalf of FLSA Collective Action Members)

Plaintiff re-alleges all preceding paragraphs of this complaint.

43.     Section 6(a) of the FLSA provides in relevant part,

> Every employer shall pay to each of his employees who in any
> workweek is engaged in commerce or in the production of
> goods for commerce, or is employed in an enterprise engaged
> in commerce or in the production of goods for commerce …
> not less than … $7.25 an hour.

29 U.S.C. § 206(a)(1)(C).

44.     Plaintiff and the FLSA Collective Action Members are employees of

Defendant. Plaintiff and the FLSA Collective Action Members are not subject to any

exemptions to minimum pay requirements under the FLSA.

45.     At all times relevant to this claim, Defendant had gross operating revenues

in excess of $500,000.

46.     Under FLSA regulations, training time is compensable unless (1) attendance

occurs outside the employee's regular working hours; (2) attendance is voluntary; (3) the

training is not directly related to the employee's job; and (4) the employee does not perform

productive work during such attendance. 29 C.F.R. § 785.27.

47.     Because Defendant required Plaintiff and FLSA Collective Action Members to attend lifeguard training, that training time is compensable.

48.     In addition or in the alternative, because lifeguard training is directly related to the job held by Plaintiff and FLSA Collective Action Members, that training time is compensable.

49.     When Defendant failed to pay Plaintiff and other FLSA Collective Action Members for training time, their average hourly rate for such workweeks fell below the legal minimum wage of $7.25 per hour.

50.     During the period from Sunday June 18 through Saturday June 24, Plaintiff worked 31.48 hours but at the direction of her supervisor, she only recorded and was paid for 10.48 hours. Applying her regular rate of $16.75 per hour, Plaintiff was paid a total of $175.54 for her work during that workweek. With the additional 21 hours properly counted toward work time, Plaintiff was effectively paid at a rate of $5.58 per hour, which is less than the federal minimum wage of $7.25 per hour.

51.     Section 16(b) of the FLSA provides for mandatory liquidated damages "in an additional equal amount" to actual damages. 29 U.S.C. § 216(b).

52.     Plaintiff and the FLSA Collective Action Members accordingly demand judgment for damages in an amount to be determined at trial plus liquidated damages, attorney fees, and any other relief provided by law.

**COUNT II:**
**Violation of Minnesota Payment of Wages Act**
(by Plaintiff individually and on behalf of the <u>Rule 23 Class</u>)

Plaintiff re-alleges all preceding paragraphs of this complaint.

53.     Under the Minnesota Payment of Wages Act, employees have the right to be paid wages for their work, and employers must pay all wages earned by an employee at least once every 31 days. Minn. Stat. § 181.101(a).

54.     Defendant failed to pay Plaintiff and other members of the Rule 23 Class for training time and thus denied them pay for wages earned.

55.     Plaintiff and the Rule 23 Class accordingly demand judgment for damages in an amount to be determined at trial plus attorney fees, witness fees, reasonable costs and disbursements, and any other relief provided by law. Minn. Stat. § 181.171.

## COUNT III:
### Violation of Minnesota Fair Labor Standards Act
### Failure to Pay Minimum Wage
(by Plaintiff individually and on behalf of the <u>Rule 23 Class</u>)

Plaintiff re-alleges all preceding paragraphs of this complaint.

56.     Under the Minnesota Fair Labor Standards Act, every large employer must pay its employees a minimum wage determined by law. Minn. Stat. § 177.24, subd. 1(b)(1). Pursuant to the Minnesota FLSA, the Minnesota Commissioner of Labor and Industry requires large employers to pay a minimum wage of $10.59 per hour in 2023.

57.     Under the Minnesota FLSA, a "large employer" is defined as an enterprise with annual gross volume of sales not less than $500,000 that is covered by the Minnesota FLSA. Minn. Stat. § 177.24, subd. 1(a)(2).

58.     Defendant is a large employer because it has annual gross volume of sales exceeding $500,000 and it is a covered employer under the Minnesota FLSA.

59.     Under Minnesota FLSA regulations, minimum wage must be paid for all hours worked, and such hours include training time. Minn. R. 5200.0120.

60.     Compliance with the minimum wage rate is determined on a workweek basis, with the gross wages in a workweek divided by the number of compensable hours in that workweek. *See* Minn. R. 5200.0170.

61.     During the period from Sunday June 18 through Saturday June 24, Plaintiff worked 31.48 hours but at the direction of her supervisor, she only recorded and was paid for 10.48 hours. Applying her regular rate of $16.75 per hour, Plaintiff was paid a total of $175.54 for her work during that workweek. With the additional 21 hours properly counted toward work time, Plaintiff was effectively paid at a rate of $5.58 per hour, which is less than the applicable Minnesota minimum wage of $10.59 per hour.

62.     When an employer fails to pay minimum wage under the Minnesota FLSA, the employer is liable to the employee for the unpaid wages plus an additional equal amount in liquidated damages. Minn. Stat. § 177.27, subd. 8. In addition, the employee may seek other appropriate relief for the violations, including but not limited to a civil penalty up to $1,000 per violation. Minn. Stat. § 177.27, subds. 4, 7, 8.

63.     Plaintiff and the Rule 23 Class accordingly demand judgment for damages in an amount to be determined at trial plus liquidated damages, civil penalties, attorney fees, witness fees, reasonable costs and disbursements, and any other relief provided by law. *See* Minn. Stat. § 177.27, subd. 10.

**COUNT IV:**
**Violation of Minnesota Fair Labor Standards Act**
**Failure to Make and Keep Records of Hours Worked**
(by Plaintiff individually and on behalf of the <u>Rule 23 Class</u>)

Plaintiff re-alleges all preceding paragraphs of this complaint.

64.    The Minnesota FLSA requires employers to make and keep a record of the hours worked each day and each workweek by its employees. Minn. Stat. § 177.30(a)(3). Such records must be kept for three years in the premises where the employee works. Minn. Stat. § 177.30(a)(7).

65.    Through its policies and directions to Plaintiff and other lifeguard employees, Defendant failed to keep a record of the hours worked by Plaintiff and Rule 23 Class Members relating to their lifeguard training. In particular, Defendant specifically directed Plaintiff to remove her hours worked from its timekeeping application.

66.    When an employer violates recordkeeping obligations under the Minnesota FLSA, the employee may seek damages and other appropriate relief for the violations, including but not limited to a civil penalty up to $1,000 per violation. Minn. Stat. § 177.27, subds. 4, 7, 8.

67.    Plaintiff and the Rule 23 Class accordingly demand judgment for damages in an amount to be determined at trial plus civil penalties, attorney fees, witness fees, reasonable costs and disbursements, and any other relief provided by law. *See* Minn. Stat. § 177.27, subd. 10.

**PRAYER FOR RELIEF**

Plaintiff Emily Duesing, individually and on behalf of the Rule 23 Class and the FLSA Collective, pray for relief against Defendant Lifetime Fitness as follows:

a.      Damages for unpaid wages in an amount to be determined at trial.

b.      All other damages and relief authorized by statute or law, including but not limited to civil penalties, liquidated damages, punitive damages, costs and attorney fees, other fees and disbursements, and prejudgment interest.

c.      Preliminary and final certification of the FLSA Collective under § 16(b) of the FLSA and appointment of the undersigned counsel as counsel for FLSA Collective Action Members.

d.      Class certification of the Rule 23 Class with designation of Plaintiff as class representative and appointment of the undersigned counsel as Class Counsel.

e.      Any other relief this Court deems just and equitable.

Dated: November 3, 2023.                    Wanta Thome PLC

                                            **s/ Scott A. Moriarity**
                                            Shawn J. Wanta
                                            Bar No. 0389164
                                            Scott A. Moriarity
                                            Bar No. 0321977
                                            *Attorneys for Plaintiff*

                                            WANTA THOME PLC
                                            100 South Fifth Street, Suite 1200
                                            Minneapolis, MN 55402
                                            Telephone: (612) 252-3570
                                            sjwanta@wantathome.com
                                            samoriarity@wantathome.com